# EXHIBIT A
## (State Court Documents)



**CSC**

## Notice of Service of Process

**null / ALL**
**Transmittal Number: 24308074**
**Date Processed: 01/11/2022**

| Primary Contact: | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |
|---|---|

| | |
|---|---|
| Entity: | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| Entity Served: | Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 |
| Title of Action: | Josephine Bolt vs. Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 |
| Matter Name/ID: | Josephine Bolt vs. Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 (11902023) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Horry County Court of Common Pleas, SC |
| Case/Reference No: | 2022CP2600037 |
| Jurisdiction Served: | South Carolina |
| Date Served on CSC: | 01/10/2022 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Maguire Law Firm<br>843-361-7549 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



*Ian D. Maguire\**
*Brooke Eaves Wright*
*Brittney F. Jones*
*Tiffany K. Buffkin*

*\*Licensed in North & South Carolina*

BARBARA J. BELCHER
Litigation Paralegal
barb@maguirelawfirm.com

January 5, 2022

**VIA CERTIFIED/RRR/RESTRICTED DELIVERY**
Lowe's Home Centers, LLC
c/o Corporation Service Company
508 Meeting Street
West Columbia SC 29169

RE:    Josephine Bolt v. Lowe's Home Centers, LLC et al
       Docket No.:   2022CP2600037
       ML File No.:  1004803

Dear Registered Agent:

The South Carolina Secretary of State identifies your company as the agent of record for Lowe's Home Centers, LLC. Therefore, please find enclosed herewith and served upon you as agent for Defendant Lowe's Home Centers, LLC the Summons, Complaint, Standard Interrogatories, General Interrogatories, and Requests for Production of Documents with regard to the above-referenced case. Please see that these documents are promptly submitted to the insurance carrier or attorney of record for Lowe's Home Centers, LLC.

These materials are time sensitive and your prompt attention to this matter is greatly appreciated.

With kind regards, I am,
Sincerely,

Barbara J. Belcher
Paralegal for Ian D. Maguire, Esquire
BJB/bb
Enclosures
cc:    Josephine Bolt (w/o enclosures)

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Josephine Bolt,

Plaintiff,

vs.

Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004 and John
Walling, both individually and as agent for
Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004,

Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 2022CP2600037

**CERTIFICATE OF SERVICE**

I, the undersigned, of the Maguire Law Firm, attorneys for Plaintiff, hereby certify that I have served the foregoing documents this the 5th day of January 2022 by depositing in a U.S. Postal Box, to the address clearly shown, postage prepaid for certified restricted delivery with return receipt requested to the following individual at the following address:

DOCUMENTS SERVED:

- **Summons & Complaint**
- **Rule 33(b) Standard Interrogatories to Defendant Lowe's Home Centers, LLC**
- **Rule 33 General Interrogatories to Defendant Lowe's Home Centers, LLC**
- **Rule 34 Requests for Production of Documents to Defendant Lowe's Home Centers, LLC**

INDIVIDUAL SERVED:

Lowe's Home Centers, LLC
c/o Corporation Service Company
508 Meeting Street
West Columbia SC 29169

SERVED BY:

Barbara J. Belcher
Paralegal for Ian D. Maguire, Esquire
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, SC 29572
Telephone: (843) 361-7549
Facsimile: (843) 361-7048

ELECTRONICALLY FILED - 2022 Jan 04 4:31 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Josephine Bolt,

         Plaintiff,

vs.

Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004 and John
Walling, both individually and as agent for
Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004,

         Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 2022-CP-26-

**SUMMONS**

TO THE DEFENDANTS ABOVE NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of

which is herewith served upon you, and to serve a copy of your answer to this complaint upon the

subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the

day of such service, and if you fail to answer the complaint, judgment by default will be rendered

against you for the relief demanded in the complaint.

       s/ P. Brooke Eaves Wright
       Ian D. Maguire, Esquire
       SC Bar No.: 66587
       P. Brooke Eaves Wright, Esquire
       SC Bar No.: 102021
       **MAGUIRE LAW FIRM**
       1600 North Oak Street, Suite B
       Myrtle Beach, South Carolina 29577
       Telephone: (843) 361-7549
       Facsimile: (843) 361-7048
       **ATTORNEYS FOR PLAINTIFF**

Myrtle Beach, South Carolina
Dated: January 4, 2022

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Josephine Bolt,

Plaintiff,

vs.

Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004 and John
Walling, both individually and as agent for
Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004,

Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 2022-CP-26-

**COMPLAINT**

ELECTRONICALLY FILED - 2022 Jan 04 4:31 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

Plaintiff, complaining of Defendants, would respectfully show this Court the following:

1.    Plaintiff Josephine Bolt is a citizen and resident of Horry County, South Carolina.

2.    Defendant, Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement #1004 is,

upon information and belief, a company organized and existing under the laws of a state other than

the State of South Carolina, conducts business in the State of South Carolina, County of Horry,

through its agents, servants and/or employees and derives substantial revenue therefrom.

3.    Defendant John Walling, is upon information and belief, is a citizen and resident of

Horry County, South Carolina, and was and still is the general manager of the subject Lowe's Home

Improvement Store #1004, located at located at or near 8672 US Highway 17 Bypass South, in

Myrtle Beach, South Carolina, in Horry County.  As such, Defendant John Walling owed a duty to

inspect for, discover, warn against, and repair defective and/or hazardous conditions at the subject

Lowe's Home Improvement Store #1004, such as the hazardous condition which is the subject of

this lawsuit.

4.    That the facts and circumstances which are the subject matter of this lawsuit occurred

in the County of Horry, South Carolina.

2

ELECTRONICALLY FILED - 2022 Jan 04 4:31 PM - HORRY - COMMON PLEAS - CASE#2022CP260037

5.    That, upon information and belief, Defendants control, manage, assumes responsibility for, and operate a business located at or near 8672 US Highway 17 Bypass South, in Myrtle Beach, South Carolina, in Horry County.

6.    That this Honorable Court has jurisdiction over the parties as Defendants have committed a tortious act in whole or in part in part in the State of South Carolina, County of Horry.

7.    That this Honorable Court has jurisdiction over the subject matter to this litigation and venue is proper in this Court, as the most substantial parts of acts and omissions giving rise to the causes of action occurred in the County of Horry, South Carolina.

8.    That on or about September 18, 2019, and all times relevant to this Complaint, Defendant John Walling was the manager of the subject Lowe's Home Improvement Store #1004, located at located at or near 8672 US Highway 17 Bypass South, in Myrtle Beach, South Carolina, in Horry County.

9.    That, on or about September 18, 2019, Plaintiff was a guest/invitee on Defendants' premises located at or near 8672 US Highway 17 Bypass South, in Myrtle Beach, South Carolina.

10.    That, at the same day and time, Plaintiff was walking on Defendants' premises when she tripped on a sign on the floor in the walking area, which caused Plaintiff to trip and fall forming the basis for this action.

11.    That Plaintiff did not have knowledge of the sign on the floor in the walking area on Defendants' premises.

12.    That Defendants' store had no signage or warnings posted outside or inside the premises or near the subject clearance sign on the floor to warn of the dangerous condition then and there existing.

13.    That the injuries sustained by Plaintiff on or about September 18, 2019, required

3

ELECTRONICALLY FILED - 2022 Jan 04 4:31 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

extensive medical treatment. As a result, Plaintiff has suffered pain and a loss of enjoyment of life.

14.     That the area where the subject sign was placed in the walking area was dark and was not well lit.

15.     Defendants owed Plaintiff a duty of care to keep the premises reasonably safe, to discover and repair dangerous conditions on the premises, and to disclose to Plaintiff any latent conditions and/or defects existing on the property.

16.     That Defendant Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 is vicariously liable for the actions of its agents and employees who owed a duty to inspect, search for, discover, warn against, and repair defective conditions discovered at the subject Lowe's Home Improvement Store #1004, such as the hazardous condition which is the subject of this lawsuit.

17.     At all times relevant herein, John Walling was an employee and/or agent of Defendant Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 and was acting within the course and scope of his employment.

18.     At all times relevant herein, all employees of Defendant Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 were acting within the course and scope of employment of Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004.

19.     Defendants owed Plaintiff a duty to create and maintain adequate and safe premises for use.

20.     Defendants breached its duty to Plaintiff by creating, causing, and/or allowing the sale/clearance sign to be in the direct path of Plaintiff in the walking area and failing to correct the defective placement of the sign on the floor in the walking area.

21.     That Defendants breached their duty to Plaintiff by creating, maintaining, and/or

4

ELECTRONICALLY FILED - 2022 Jan 04 4:31 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

allowing a dangerous condition to exist on the premises and by failing to correct the dangerous and defective condition of the subject sign in the walking area.

22.     That Defendants knew, or should have discovered and known, of the defective and hazardous conditions.

23.     That Defendants did not take any steps to correct or repair this dangerous and defective condition, or to warn users, such as Plaintiff, of the hazards.

24.     That Plaintiff's injuries were caused by the defective condition of the Defendants' premises.

25.     As a direct and proximate result of the Defendants' acts and omissions, the Plaintiff suffered severe bodily injuries, mental anguish, medical bills, and other damages.

26.     Plaintiff would show that Defendants, jointly and severally, through their agents, servants and/or employees, negligently, recklessly, willfully, wantonly, and grossly negligently breached its duty to Plaintiff in the following particulars to wit:

a.     In creating a dangerous condition on the premises;

b.     In failing to provide safe and adequate walkways for walking about the premises;

c.     In failing to provide adequate areas for safe ingress and egress about the premises;

d.     In failing to properly train its employees on the proper use and placement of signs including sale and/or clearance signs within the area of invitation;

e.     In failing to implement safe usage strategies for Defendants' sign and store equipment within the area of invitation;

f.     In failing to construct and/or maintain the subject sign and/or displays to the applicable codes and standards;

g.     In failing to adequately secure and maintain the premises;

h.    In failing to warn of or eliminate unreasonable risks within the area of invitation;

i.    In failing to post effective and conspicuous warning signs or other notifications of the conditions of the premises;

j.    In failing to correct or repair a known defective condition on the premises;

k.    In failing to perform routine maintenance and inspections of the premises to include the subject sign, store equipment, lighting, displays and walking area;

l.    In failing to exercise reasonable care over an object in its possession on Defendants' premises;

m.    In failing to reasonably investigate and discover risks on the premises and to take safety precautions to prevent unreasonable risk of harm to guests/invitees;

n.    In failing to properly hire, properly train and supervise competent employees who were to attend to the condition of the property so as to avoid injury to guests/invitees;

o.    In failing to establish, enforce, and follow reasonable and adequate policies and procedures for employees to follow for placement and maintenance of signs and store equipment;

p.    In failing to use due care as a reasonable and prudent manager, employee, company, and corporation should, under the circumstances then and there prevailing;

q.    In leaving a sign and/or store equipment unattended in a walking area on Defendants' premises;

r.    In failing to provide and maintain adequate lighting at Defendants' premises, including the area where this incident occurred;

s.    In failing to provide and maintain adequate lighting within the area of invitation on Defendants' premises in compliance with applicable building codes, standards and

6

ELECTRONICALLY FILED - 2022 Jan 04 4:31 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

South Carolina law;

t.    In failing to initiate, follow and maintain adequate safety programs and procedures; and

u.    In such other particulars as the evidence at trial may show.

Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Plaintiff.  Said acts of commission and/or omission were in violation of the statutory laws of the State of South Carolina.

27.    Plaintiff would show that she was seriously injured as a direct and proximate result of the negligent, reckless, willful, wanton and gross negligent acts and/or delicts as enumerated here and above, by Defendants, through its agents, servants and/or employees.

28.    That, as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions by Defendants, through its agents, servants and/or employees, as enumerated here and above, Plaintiff:

a.    Was severely, seriously, painfully, and permanently injured;

b.    Suffered injuries about various parts of her body;

c.    Was and will be subjected to the administration of strong and potent drugs and medications;

d.    Suffered extreme and painful injuries to her person from which Plaintiff is informed and believes that she will have permanent adverse effect and disability;

e.    Suffered injuries that required medical treatment and will require medical care and treatment in the future;

f.    Has incurred and will incur in the future, substantial medical and doctor bills due to her injuries;

ELECTRONICALLY FILED - 2022 Jan 04 4:31 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

ELECTRONICALLY FILED - 2022 Jan 04 4:31 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

g.  Was and will be subjected to extreme pain, mental anguish, emotional distress, loss of enjoyment of life, suffering and discomfort over a long period of time;

h.  Has been and will be prevented from attending to her usual and ordinary activities of daily living;

i.  Has and will suffer a financial loss in the form of wages and future earning capacity; and

j.  All other damages, including actual, special, consequential and punitive, in an amount to be determined by the trier of facts.

29.    Accordingly, Plaintiff is informed and believes that she is entitled to actual, special, consequential and punitive damages sufficient to reflect the injuries that she sustained against Defendants, jointly and severally, for Defendants' actions and inactions in creating, maintaining or failing to correct a dangerous condition upon the premises.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, in an amount to be determined by the trier of fact, for actual, special, consequential and punitive damages; for the costs of this action; and for such other relief as this Honorable Court may deem just and proper.

s/ P. Brooke Eaves Wright
Ian D. Maguire, Esquire
SC Bar No.: 66587
P. Brooke Eaves Wright, Esquire
SC Bar No.: 102021
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, South Carolina 29577
Telephone:  (843) 361-7549
Facsimile:  (843) 361-7048
**ATTORNEYS FOR PLAINTIFF**

Myrtle Beach, South Carolina
Dated: January 4, 2022

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Josephine Bolt,

                         Plaintiff,

vs.

Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004 and John
Walling, both individually and as agent for
Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004,

                         Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 2022CP2600037

**CERTIFICATE OF SERVICE
AS TO LOWE'S HOME CENTERS, LLC
D/B/A LOWE'S HOME IMPROVEMENT
STORE #1004**

I, the undersigned, of the Maguire Law Firm, attorneys for Plaintiff, hereby certify that the

Summons, Complaint, Standard Interrogatories, General Interrogatories, and Requests for

Production in this matter were served via Certified Mail, Return Receipt Requested upon the

registered agent for Defendant Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store

#1004 on January 10, 2022. A copy of the Certified Mail Return Receipt Proof of Delivery for this

service is attached hereto as Exhibit 1. These documents were served pursuant to Rule 4 of the

*South Carolina Rules of Civil Procedure* by a commercial delivery service on the 10th day of

January 2022 with the proper amount of postage prepaid to the following person/entity at the

following address:

INDIVIDUAL SERVED:

Lowe's Home Centers, LLC
c/o Corporation Service Company
508 Meeting Street
West Columbia SC 29169

SERVED BY:

Barbara J. Belcher
Paralegal for Ian D. Maguire, Esquire
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, SC 29572
Telephone: (843) 361-7549
Facsimile: (843) 361-7048

ELECTRONICALLY FILED - 2022 Jan 26 10:52 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

# Exhibit 1

MAGUIRE LAW FIRM
DATE REC'D 1.13.22
MLF FILE # 1004803
DOCKET # 2022CP2600037
INITIALS AH/ BS/ Asher

ELECTRONICALLY FILED - 2022 Jan 26 10:52 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lowe's Home Center, LLC
Corporation Service Comp
808 Meeting Street
West Columbia, SC 29169

9590 9402 5562 9249 2967 46

2. Article Number (Transfer from service label)
7021 2720 0001 5677 3745

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Trey Williams    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Trey Williams    1/10/22

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

ML 1004803

3. Service Type
☐ Adult Signature    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery    ☐ Registered Mail™
☐ Certified Mail®    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery    ☐ Return Receipt for Merchandise
☐ Collect on Delivery    ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery    ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

Domestic Return Receipt

ELECTRONICALLY FILED - 2022 Feb 09 11:54 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

STATE OF SOUTH CAROLINA  )
           )  IN THE COURT OF COMMON PLEAS
COUNTY OF HORRY     )

Josephine Bolt,       )  Civil Action No.: 2022-CP-26-00037
           )
     Plaintiff,   )
           )
Vs.           )
           )
Lowe's Home Centers, LLC d/b/a Lowe's )  **DEFENDANTS' ANSWER TO**
Home Improvement Store #1004 and John )  **COMPLAINT**
Walling, both individually and as agent for )
Lowe's Home Centers, LLC d/b/a Lowe's )
Home Improvement Store #1004,   )
           )
     Defendants.  )
_____)

   Defendants Lowe's Home Centers, LLC (incorrectly identified as Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004) ("Lowe's"), and John Walling ("Walling") (collectively "Lowe's Defendants") by and through the undersigned counsel, answering the Complaint herein state as follows:

### FIRST DEFENSE

   All allegations of Plaintiff's Complaint not hereafter admitted or denied are expressly denied and strict proof is demanded thereof.

   1.  In response to the Paragraph 1 of the Complaint, Lowe's Defendants lack sufficient knowledge or information to admit or deny the allegations with respect to plaintiff's citizenship, and therefore denies those allegations.

   2.  In response to Paragraph 2 of the Complaint, Lowe's Defendants admit that Lowe's Home Centers, LLC is a foreign limited liability company with its principal place of business in North Carolina. Further, Lowe's Defendants admit that Lowe's Home Centers, LLC is registered to do business in South Carolina. Lowe's Defendants also admit that Lowe's operates stores in South

47132710 v1

ELECTRONICALLY FILED - 2022 Feb 09 11:54 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

Carolina, including the store located in Horry County at 8672 US Highway 17 Bypass, in Myrtle Beach, South Carolina.

3.      In response to Paragraph 3 of the Complaint, Lowe's Defendants admit that John Walling is a citizen and resident of Horry County, South Carolina.  Lowe's Defendants deny that Walling was the general manager of the Lowe's Home Centers store #1004 located at 8672 US Highway 17 Bypass, in Myrtle Beach, South Carolina, on the date of the alleged incident.  Lowe's Defendants admit that Walling is presently the general manager of the Lowe's Home Centers store #1004 located at 8672 US Highway 17 Bypass, in Myrtle Beach, South Carolina. The remaining allegations in Paragraph 3 of the Complaint asserts legal conclusions to which no response is required by Lowe's Defendants. To the extent a response is required, Lowe's Defendants deny the allegations.

4.      In response to Paragraph 4 of the Complaint, Lowe's Defendants lack sufficient knowledge or information to admit or deny the allegations, and therefore denies those allegations.

5.      In response to Paragraph 5 of the Complaint, Lowe's Defendants admit that Lowe's operates stores in South Carolina, including the store located in Horry County at 8672 US Highway 17 Bypass, in Myrtle Beach, South Carolina.  The remaining allegations in Paragraph 5 of the Complaint assert legal conclusions to which no response is required by Lowe's Defendants. To the extent a response is required, Lowe's Defendants deny the allegations..

6.      Paragraph 6 of the Complaint asserts legal conclusions to which no response is required by Lowe's Defendants. To the extent a response is required, Lowe's Defendants deny the allegations.

ELECTRONICALLY FILED - 2022 Feb 09 11:54 AM - HORRY - COMMON PLEAS - CASE#2022CP260037

7.     Paragraph 7 of the Complaint asserts legal conclusions to which no response is required by Lowe's Defendants. To the extent a response is required, Lowe's Defendants deny the allegations.

8.     In response to Paragraph 8 of the Complaint, Lowe's Defendants deny that on September 18, 2019, John Walling was the manager of the Lowe's Home Centers store #1004 located at 8672 US Highway 17 Bypass, in Myrtle Beach, South Carolina.

9.     In response to Paragraph 9 of the Complaint, Lowe's Defendants lack sufficient knowledge or information to admit or deny the allegations, and therefore deny those allegations.

10.     In response to Paragraph 10 of the Complaint, Lowe's Defendants lack sufficient knowledge or information to admit or deny the allegations, and therefore deny those allegations.

11.     In response to Paragraph 11 of the Complaint, Lowe's Defendants lack sufficient knowledge or information to admit or deny the allegations, and therefore deny those allegations.

12.     Due to the vagueness and ambiguity of the allegations of Paragraph 12 of the Complaint, Lowe's Defendants lack sufficient knowledge or information to admit or deny the allegations, and therefore deny those allegations.

13.     In response to Paragraph 13 of the Complaint, Lowe's Defendants lack sufficient knowledge or information to admit or deny the allegations, and therefore deny those allegations.

14.     In response to Paragraph 14 of the Complaint, Lowe's Defendants lack sufficient knowledge or information to admit or deny the allegations, and therefore deny those allegations.

15.     Paragraph 15 of the Complaint asserts legal conclusions to which no response is required by Lowe's Defendants. To the extent a response is required, Lowe's Defendants deny the allegations. Further, defendant Walling was not employed at the store #1004 location, at 8672 US

ELECTRONICALLY FILED - 2022 Feb 09 11:54 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

Highway 17 Bypass, in Myrtle Beach, South Carolina, on September 18, 2019, and therefore Lowe's Defendants deny that Walling owed Plaintiff any duty of care as alleged in the Complaint.

16.     Paragraph 16 of the Complaint asserts legal conclusions to which no response is required by Lowe's Defendants. To the extent a response is required, Lowe's Defendants deny the allegations.

17.     Lowe's Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Due to the vagueness and ambiguity of the allegations of Paragraph 18 of the Complaint, Lowe's Defendants lack sufficient knowledge or information to admit or deny the allegations, and therefore deny those allegations.

19.     Paragraph 19 of the Complaint asserts legal conclusions to which no response is required by Lowe's Defendants. To the extent a response is required, Lowe's Defendants deny the allegations.

20.     Lowe's Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Lowe's Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Lowe's Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Lowe's Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Lowe's Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Lowe's Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Lowe's Defendants deny the allegations in Paragraph 26 of the Complaint (including subparts (a) – (u).

27.     Lowe's Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Lowe's Defendants deny the allegations in Paragraph 28 of the Complaint (including subparts (a) – (j).

ELECTRONICALLY FILED - 2022 Feb 09 11:54 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

29.     Lowe's Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Lowe's Defendants deny Plaintiff's prayer for judgment.

### FOR A SECOND DEFENSE

31.     Plaintiff's Complaint fails to set forth facts sufficient to state a cause of action as to Lowe's Defendants, and should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure, along with costs, fees, and expenses awarded to Lowe's Defendants.

### FOR A THIRD DEFENSE

32.     Plaintiff's claims are barred to the extent that the intervening or superseding negligence or actions of third parties, over whom Lowe's Defendants have no control, was the cause of her injuries.

### FOR A FOURTH DEFENSE
### (Punitive Damages Unconstitutional)

33.     The granting of punitive damage relief requested by Plaintiff would be unconstitutional under the South Carolina and United States Constitutions in that it would violate due process and equal protection guarantees, place an undue burden on interstate commerce, and violate the constitutional proscriptions against excessive fines.

### FOR A FIFTH DEFENSE

34.     With respect to Plaintiff's demand for punitive or exemplary damages, Lowe's Defendants incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under the applicable state law.

### FOR A SIXTH DEFENSE
### (SC Code Section 15-32-530 – Punitive Damages Cap)

35.     That to the extent Plaintiff is awarded punitive damages as prayed for in the Complaint, those punitive damages are subject to the applicable caps and limitations included in SC Code Section 15-32-530.

47132710 v1                                    5

ELECTRONICALLY FILED - 2022 Feb 09 11:54 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

## FOR A SEVENTH DEFENSE

36.     No act or omission of Lowe's Defendants was malicious, willful, wanton, reckless, fraudulent, intentional, unconscionable, with actual malice, with want of care, with conscious or deliberate disregard of foreseeable harm to Plaintiff, or with reckless disregard for human life or the rights and safety of Plaintiff, and Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

## FOR AN EIGHTH DEFENSE

37.     Plaintiff's claims are barred, in whole or in part, to the extent her injuries, if any, were due to, caused by, or were the direct and proximate result of an open and obvious condition.

## FOR A NINTH DEFENSE

38.     Plaintiff's claims are barred in whole or in part by the doctrine of comparative negligence.  That whatever damages, if any, were sustained by Plaintiff were due to, caused solely or partly by, and were the direct and proximate result of her own comparative and contributory negligence or assumption of the risk through her own acts or omissions and therefore Plaintiff's recovery, if any, should be barred, or reduced, in proportion to her own conduct.

## FOR A TENTH DEFENSE

39.     Plaintiff's claims are barred, in whole or in part, to the extent her injuries, if any, were due to, caused by, or were the direct and proximate result of Plaintiff assuming the risk for any actions she took that resulted in her injuries.

## FOR AN ELEVENTH DEFENSE

40.     Plaintiff's claims are barred, in whole or in part, to the extent she failed to take prompt and reasonable action under the circumstances to avoid the alleged injuries.

ELECTRONICALLY FILED - 2022 Feb 09 11:54 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

## FOR A TWELFTH DEFENSE

41.    Defendant Walling was not employed at the store #1004 location, at 8672 US Highway 17 Bypass, in Myrtle Beach, South Carolina, on September 18, 2019, and therefore Walling did not owe Plaintiff any duty of care as alleged in the Complaint.

Defendant Lowe's Defendants reserve the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Lowe's Defendants request that this Court dismiss, *with prejudice,* the Complaint, that judgment be entered in favor of Lowe's Defendants and against Plaintiff, and that Lowe's Defendants be awarded the costs of this action, together with such other and further relief as may be appropriate.

s/Andrew G. Melling
Andrew G. Melling (SC Bar 9521)
amelling@burr.com
Celeste T. Jones (SC Bar 3173)
Ctjones@burr.com
BURR & FORMAN, LLP
Post Office Box 11390
Columbia, South Carolina 29211
(803) 799-9800
(803) 753-3275 (Fax)

Attorneys for Defendant Lowe's Home
Centers, LLC, and John Walling

Columbia, SC

February 9, 2022

47132710 v1

ELECTRONICALLY FILED - 2022 Jan 26 10:52 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

## AFFIDAVIT OF SERVICE

State of South Carolina                County of Horry                Common Pleas Court

Case Number: 2022CP2600037

Plaintiff:
**Josephine Bolt**

vs.

Defendant:
**Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004, et al.**

For:
Maguire Law Firm
1600 North Oak St.
Suite B
Myrtle Beach, SC 29577

Received by Palmetto Legal Gophers, LLC to be served on **John Walling, 9030 Belvidere Drive, Myrtle Beach, SC 29579**.

I, Scott Monaghan, being duly sworn, depose and say that on the **11th day of January, 2022** at 3:38 pm, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons, Complaint, Plaintiff's Rule 33(b) Standard Interrogatories to Defendant, Plaintiff's Rule 33 General Interrogatories to Defendant, Plaintiff's Rule 34 Requests for Production of Documents to Defendant** , to: John Walling at the address of: **9030 Belvidere Drive, Myrtle Beach, SC 29579**.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 40 to 45, Sex: M, Race/Skin Color: White, Height: 5'9" to 5'10", Weight: 190 to 200, Hair: Black, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 12th day
of ___Jan___ , 20 22 by the affiant who is
personally known to me.

NOTARY PUBLIC
EXP DATE 08/22/2022

**Scott Monaghan**

**Palmetto Legal Gophers, LLC**
www.palmettolegalgophers.com
PO Box 6108
Columbia, SC 29260
(803) 216-1621

Our Job Serial Number: LPW-2022000014
Ref: 1004803

JULIE MONAHAN
Notary Public, South Carolina
My Commission Expires
August 22, 2022

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1u



ELECTRONICALLY FILED - 2022 Mar 24 10:23 AM - HORRY - COMMON PLEAS - CASE#2022CP2600037

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Josephine Bolt,

                     Plaintiff,

vs.

Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004 and John
Walling, both individually and as agent for
Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004,

                     Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 2022CP2600037

**STIPULATION OF DISMISSAL AS TO
DEFENDANT JOHN WALLING
[WITHOUT PREJUDICE]
[NOT ENDING ACTION]**

It is hereby stipulated by and between counsel for the parties that Plaintiff desires to dismiss

her Complaint as to the individual Defendant John Walling, *without prejudice*, pursuant to Rule

41(a)(1)(B) of the *South Carolina Rules of Civil Procedure*.

THEREFORE, IT IS STIPULATED, pursuant to Rule 41(a)(1) of the *South Carolina Rules

of Civil Procedure*, that Defendant John Walling is hereby dismissed *without prejudice* in the

foregoing action.

WE SO STIPULATE:

s/ Ian D. Maguire
Ian D. Maguire, Esquire
SC Bar No.: 66587
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, SC 29577
*Attorneys for Plaintiff*


s/ Ian D. Maguire with permission Andrew G. Melling
Andrew G. Melling, Esquire
SC Bar No.: 9521
**BURR & FORMAN, LLP**
Post Office Box 11390
Columbia SC 29211
*Attorneys for Defendants*

ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Josephine Bolt,

                                    Plaintiff,

vs.

Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004 and John
Walling, both individually and as agent for
Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004,
                                    Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.:  2022CP2600037

**CONSENT ORDER
TO AMEND COMPLAINT**

This matter is before the Court upon the Consent of the parties in the above-captioned matter requesting an Order allowing Plaintiff to amend the Summons and Complaint to add Sabrina Strickland, both individually and as agent for Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 as a party to this action.

The Court hereby grants Plaintiff's consent motion to amend complaint pursuant to Rule 15, SCRCP, as justice so requires and it will not prejudice any other party.

IT IS, THEREFORE, ORDERED that Plaintiff will be allowed to amend the Summons and Complaint as requested which shall be done within thirty (30) days of this Order and with service being done according to the Rules of Civil Procedure.

AND IT IS SO ORDERED.

_____
Chief Administrative Judge
Fifteenth Judicial Circuit

_____, 2022
Conway, South Carolina

1

ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

**Consent to Amend Pleadings**
*Bolt v. Lowe's Home Centers, LLC et al*
2022CP2600037


s/ Ian D. Maguire
Ian D. Maguire, Esquire
SC Bar No.: 66587
P. Brooke Eaves Wright, Esquire
SC Bar No.: 102021
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, SC 29577
***Attorneys for Plaintiff***


s/ Ian D. Maguire with permission Andrew G. Melling
Andrew G. Melling, Esquire
SC Bar No.: 9521
Celeste T. Jones, Esquire
SC Bar No. 3173
**BURR & FORMAN, LLP**
Post Office Box 11390
Columbia SC 29211
***Attorneys for Defendants***

2



## Horry Common Pleas

**Case Caption:**    Josephine  Bolt VS  Lowes Home Centers LLC , defendant, et al

**Case Number:**    2022CP2600037

**Type:**    Order/Amend

So Ordered

s/ Steven H. John, Resident Circuit Judge, #129

Electronically signed on 2022-04-27 13:16:02    page 3 of 3

ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Josephine Bolt,

Plaintiff,

vs.

Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004 and
Sabrina Strickland, both individually and as
agent for Lowe's Home Centers, LLC d/b/a
Lowe's Home Improvement Store #1004,

Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 22022CP2600037

**AMENDED SUMMONS**

TO THE DEFENDANTS ABOVE NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of

which is herewith served upon you, and to serve a copy of your answer to this complaint upon the

subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the

day of such service, and if you fail to answer the complaint, judgment by default will be rendered

against you for the relief demanded in the complaint.

s/ Ian D. Maguire
Ian D. Maguire, Esquire
SC Bar No.: 66587
P. Brooke Eaves Wright, Esquire
SC Bar No.: 102021
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, South Carolina 29577
Telephone: (843) 361-7549
Facsimile: (843) 361-7048
*Attorneys for Plaintiff*

Myrtle Beach, South Carolina
Dated: April 26, 2022

ELECTRONICALLY FILED - 2022 Apr 26 2:53 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037
ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Josephine Bolt,

                                    Plaintiff,

vs.

Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004 and
Sabrina Strickland, both individually and as
agent for Lowe's Home Centers, LLC d/b/a
Lowe's Home Improvement Store #1004,
                                    Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 2022CP2600037

**AMENDED COMPLAINT**

Plaintiff, complaining of Defendants, would respectfully show this Court the following:

1.    Plaintiff Josephine Bolt is a citizen and resident of Horry County, South Carolina.

2.    Defendant, Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement #1004 is, upon information and belief, a company organized and existing under the laws of a state other than the State of South Carolina, conducts business in the State of South Carolina, County of Horry, through its agents, servants and/or employees and derives substantial revenue therefrom.

3.    Defendant Sabrina Strickland, is upon information and belief, is a citizen and resident of Horry County, South Carolina, and was the general manager of the subject Lowe's Home Improvement Store #1004, located at located at or near 8672 US Highway 17 Bypass South, in Myrtle Beach, South Carolina, in Horry County. As such, Defendant Sabrina Strickland owed a duty to inspect for, discover, warn against, and repair defective and/or hazardous conditions at the subject Lowe's Home Improvement Store #1004, such as the hazardous condition which is the subject of this lawsuit.

4.    That the facts and circumstances which are the subject matter of this lawsuit occurred

ELECTRONICALLY FILED - 2022 Apr 26 2:53 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037
ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

in the County of Horry, South Carolina.

5.     That, upon information and belief, Defendants control, manage, assumes responsibility for, and operate a business located at or near 8672 US Highway 17 Bypass South, in Myrtle Beach, South Carolina, in Horry County.

6.     That this Honorable Court has jurisdiction over the parties as Defendants have committed a tortious act in whole or in part in part in the State of South Carolina, County of Horry.

7.     That this Honorable Court has jurisdiction over the subject matter to this litigation and venue is proper in this Court, as the most substantial parts of acts and omissions giving rise to the causes of action occurred in the County of Horry, South Carolina.

8.     That on or about September 18, 2019, and all times relevant to this Complaint, Defendant Sabrina Strickland was the manager of the subject Lowe's Home Improvement Store #1004, located at located at or near 8672 US Highway 17 Bypass South, in Myrtle Beach, South Carolina, in Horry County.

9.     That, on or about September 18, 2019, Plaintiff was a guest/invitee on Defendants' premises located at or near 8672 US Highway 17 Bypass South, in Myrtle Beach, South Carolina.

10.     That, at the same day and time, Plaintiff was walking on Defendants' premises when she tripped on a sign on the floor in the walking area, which caused Plaintiff to trip and fall forming the basis for this action.

11.     That Plaintiff did not have knowledge of the sign on the floor in the walking area on Defendants' premises.

12.     That Defendants' store had no signage or warnings posted outside or inside the premises or near the subject clearance sign on the floor to warn of the dangerous condition then and

ELECTRONICALLY FILED - 2022 Apr 26 2:53 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037
ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

there existing.

13.     That the injuries sustained by Plaintiff on or about September 18, 2019, required extensive medical treatment.  As a result, Plaintiff has suffered pain and a loss of enjoyment of life.

14.     That the area where the subject sign was placed in the walking area was dark and was not well lit.

15.     Defendants owed Plaintiff a duty of care to keep the premises reasonably safe, to discover and repair dangerous conditions on the premises, and to disclose to Plaintiff any latent conditions and/or defects existing on the property.

16.     That Defendant Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 is vicariously liable for the actions of its agents and employees who owed a duty to inspect, search for, discover, warn against, and repair defective conditions discovered at the subject Lowe's Home Improvement Store #1004, such as the hazardous condition which is the subject of this lawsuit.

17.     At all times relevant herein, Defendant Sabrina Strickland was an employee and/or agent of Defendant Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 and was acting within the course and scope of his employment.

18.     At all times relevant herein, all employees of Defendant Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004 were acting within the course and scope of employment of Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement Store #1004.

19.     Defendants owed Plaintiff a duty to create and maintain adequate and safe premises for use.

20.     Defendants breached its duty to Plaintiff by creating, causing, and/or allowing the

ELECTRONICALLY FILED - 2022 Apr 26 2:53 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037
ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

ELECTRONICALLY FILED - 2022 Apr 26 2:53 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037
ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

sale/clearance sign to be in the direct path of Plaintiff in the walking area and failing to correct the defective placement of the sign on the floor in the walking area.

21.     That Defendants breached their duty to Plaintiff by creating, maintaining, and/or allowing a dangerous condition to exist on the premises and by failing to correct the dangerous and defective condition of the subject sign in the walking area.

22.     That Defendants knew, or should have discovered and known, of the defective and hazardous conditions.

23.     That Defendants did not take any steps to correct or repair this dangerous and defective condition, or to warn users, such as Plaintiff, of the hazards.

24.     That Plaintiff's injuries were caused by the defective condition of the Defendants' premises.

25.     As a direct and proximate result of the Defendants' acts and omissions, the Plaintiff suffered severe bodily injuries, mental anguish, medical bills, and other damages.

26.     Plaintiff would show that Defendants, jointly and severally, through their agents, servants and/or employees, negligently, recklessly, willfully, wantonly, and grossly negligently breached its duty to Plaintiff in the following particulars to wit:

a.     In creating a dangerous condition on the premises;

b.     In failing to provide safe and adequate walkways for walking about the premises;

c.     In failing to provide adequate areas for safe ingress and egress about the premises;

d.     In failing to properly train its employees on the proper use and placement of signs including sale and/or clearance signs within the area of invitation;

e.     In failing to implement safe usage strategies for Defendants' sign and store

ELECTRONICALLY FILED - 2022 Apr 26 2:53 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037
ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

equipment within the area of invitation;

f. In failing to construct and/or maintain the subject sign and/or displays to the applicable codes and standards;

g. In failing to adequately secure and maintain the premises;

h. In failing to warn of or eliminate unreasonable risks within the area of invitation;

i. In failing to post effective and conspicuous warning signs or other notifications of the conditions of the premises;

j. In failing to correct or repair a known defective condition on the premises;

k. In failing to perform routine maintenance and inspections of the premises to include the subject sign, store equipment, lighting, displays and walking area;

l. In failing to exercise reasonable care over an object in its possession on Defendants' premises;

m. In failing to reasonably investigate and discover risks on the premises and to take safety precautions to prevent unreasonable risk of harm to guests/invitees;

n. In failing to properly hire, properly train and supervise competent employees who were to attend to the condition of the property so as to avoid injury to guests/invitees;

o. In failing to establish, enforce, and follow reasonable and adequate policies and procedures for employees to follow for placement and maintenance of signs and store equipment;

p. In failing to use due care as a reasonable and prudent manager, employee, company, and corporation should, under the circumstances then and there prevailing;

q. In leaving a sign and/or store equipment unattended in a walking area on Defendants'

ELECTRONICALLY FILED - 2022 Apr 26 2:53 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037
ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

premises;

r.  In failing to provide and maintain adequate lighting at Defendants' premises, including the area where this incident occurred;

s.  In failing to provide and maintain adequate lighting within the area of invitation on Defendants' premises in compliance with applicable building codes, standards and South Carolina law;

t.  In failing to initiate, follow and maintain adequate safety programs and procedures; and

u.  In such other particulars as the evidence at trial may show.

Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Plaintiff. Said acts of commission and/or omission were in violation of the statutory laws of the State of South Carolina.

27.  Plaintiff would show that she was seriously injured as a direct and proximate result of the negligent, reckless, willful, wanton and gross negligent acts and/or delicts as enumerated here and above, by Defendants, through its agents, servants and/or employees.

28.  That, as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions by Defendants, through its agents, servants and/or employees, as enumerated here and above, Plaintiff:

a.  Was severely, seriously, painfully, and permanently injured;

b.  Suffered injuries about various parts of her body;

c.  Was and will be subjected to the administration of strong and potent drugs and medications;

ELECTRONICALLY FILED - 2022 Apr 26 2:53 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037
ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

d.  Suffered extreme and painful injuries to her person from which Plaintiff is informed and believes that she will have permanent adverse effect and disability;

e.  Suffered injuries that required medical treatment and will require medical care and treatment in the future;

f.  Has incurred and will incur in the future, substantial medical and doctor bills due to her injuries;

g.  Was and will be subjected to extreme pain, mental anguish, emotional distress, loss of enjoyment of life, suffering and discomfort over a long period of time;

h.  Has been and will be prevented from attending to her usual and ordinary activities of daily living;

i.  Has and will suffer a financial loss in the form of wages and future earning capacity; and

j.  All other damages, including actual, special, consequential and punitive, in an amount to be determined by the trier of facts.

29.     Accordingly, Plaintiff is informed and believes that she is entitled to actual, special, consequential and punitive damages sufficient to reflect the injuries that she sustained against Defendants, jointly and severally, for Defendants' actions and inactions in creating, maintaining or failing to correct a dangerous condition upon the premises.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, in an amount to be determined by the trier of fact, for actual, special, consequential and punitive damages; for the costs of this action; and for such other relief as this Honorable Court may deem just and proper.

ELECTRONICALLY FILED - 2022 Apr 26 2:53 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037
ELECTRONICALLY FILED - 2022 Apr 27 2:47 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037

s/ Ian D. Maguire
Ian D. Maguire, Esquire
SC Bar No.:  66587
P. Brooke Eaves Wright, Esquire
SC Bar No.: 102021
**MAGUIRE LAW FIRM**
1600 North Oak Street, Suite B
Myrtle Beach, South Carolina 29577
Telephone: (843) 361-7549
Facsimile: (843) 361-7048
***Attorneys for Plaintiff***

Myrtle Beach, South Carolina
Dated: April 26, 2022

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Josephine Bolt,

                          Plaintiff,

vs.

Lowe's Home Centers, LLC d/b/a Lowe's
Home Improvement Store #1004 and
Sabrina Strickland, both individually and as
agent for Lowe's Home Centers, LLC d/b/a
Lowe's Home Improvement Store #1004,
                          Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Docket No.: 2022CP2600037

**ACCEPTANCE OF SERVICE
AS TO SABRINA STRICKLAND**

PERSONALLY APPEARED before me, who after being duly sworn deposes and states as

follows: Andrew G. Melling, Esquire  I hereby accept service of the *Amended Summons, Amended*

*Complaint, Standard Interrogatories, General Interrogatories, and Requests for Production of*

*Documents* on behalf of Sabrina Stricklandin regards to the above-captioned action, this ⁷ day of

May , 2022.

                                       Andrew G. Melling, Esquire
                                       Burr Forman LLP
                                       Post Office Box 11390
                                       Columbia SC 29211
                                       *Attorney for Defendant Strickland*

SWORN to and subscribed before me

This 9th day of May , 2022

Ackbersingh-Teed (L.S.)
NOTARY PUBLIC FOR SOUTH CAROLINA

My Commission Expires: Feb. 25. 2032

ANGELLA ACKBERSINGH-TEED
NOTARY PUBLIC·
State of South Carolina
My Commission Expires Feb. 25, 2032

ELECTRONICALLY FILED - 2022 May 09 4:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2600037